# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**JAMES RUSSELL JOHNSON,**
**# 13000034,**

      **Plaintiff,**

**vs.**                       **Case No. 5:20cv261-TKW-MAF**

**ANDY PACE,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee proceeding pro se and with in forma pauperis status, initiated this case in early October 2020. ECF Nos. 1, 2. On November 30, 2020, Plaintiff filed an amended civil rights complaint, ECF No. 7, and a motion requesting that this case be delayed pending a ruling by the Florida First District Court of Appeal, ECF No. 8. It appeared that Plaintiff sought a writ of prohibition in state court to challenge the denial of a discharge by the state court, based on Plaintiff's contention that the time for speedy trial has expired. ECF No. 8 at 3-4. Plaintiff said that if

the "1st DCA denies discharge," he would "promptly file a 'voluntary dismissal'" of this case. *Id.* at 5.

An Order was entered on December 2, 201, denying Plaintiff's request for delay. ECF No. 9. Furthermore, the Order explained why Plaintiff's amended complaint, ECF No. 7, was insufficient. Plaintiff was directed Plaintiff to consider filing either a notice of voluntary dismissal if he conceded that he could not meet Heck's favorable termination requirement or agreed that this case was prematurely filed. ECF No. 9. Plaintiff was required to respond to that Order by January 5, 2021. *Id.* He was warned that his failure to comply "may result in a recommendation of dismissal of this action." *Id.* As of this date, he has not replied. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R.</u>

<u>Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)

(quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not

comply with the prior Order, he has failed to prosecute this case.  Dismissal

is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2021.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.